**UNITED STATES DISTRICT COURT W. D. OF WASHINGTON AT TACOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br>         **Plaintiff,** <br><br>     **v.** <br> **PATRICIA K. AMAYA,** <br>         **Defendant.** | **Case No. CR07-5047** <br><br> **DETENTION ORDER** |

**THE COURT, having conducted a detention hearing pursuant to 18 U.S.C. §3142, finds as follows:**

**1) No condition or combination of conditions which defendant can meet will reasonably assure the appearance of the defendant as required and/or the safety of any other person or the community.** This finding is based on 1) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence or involves a narcotic drug; 2) the weight of the evidence against the person; 3) the history and characteristics of the person including those set forth in 18 U.S.C. § 3142(g)(3)(A)(B); and 4) the nature and seriousness of the danger release would impose to any person or the community.

**2) No less restrictive condition or combination of conditions will reasonably assure the appearance of the defendant as required and/or the safety of any other person and the community, including but not limited to those conditions set forth in 18 U.S.C. 3142(c)(1)(B).**

**3)** <u>**Detention is presumed, without adequate rebuttal,** pursuant to 18 U.S.C 3142(e) (**if** noted as applicable below):</u>
 ( ) Conviction of a Federal offense involving a crime of violence. 18 U.S.C.§3142(e)(f)
 ( ) Potential maximum sentence of life imprisonment or death.  18 U.S.C.§3142(e)(f)
 ( ) Potential maximum sentence of 10+ years as prescribed in the Controlled Substances Act (21 U.S.C.§801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C.§951 et seq.) Or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.)
 ( ) Convictions of two or more offenses described in subparagraphs (A) through (C) of 18 U.S.C.§3142(f)(1) of two or more State or local offenses that would have been offenses described in said subparagraphs if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses.

**4)** **Safety Reasons Supporting Detention (if** noted as applicable below):
 ( ) Defendant is currently on probation/supervision resulting from a prior offense.
 ( X ) Defendant has multiple untreated mental health and substance issues.
 ( X ) Defendant has pending 5 separate sets of criminal charges by way of Information, and four unresolved citations arising out of two separate offense dates.

<u>**Flight Risk/Appearance Reasons Supporting Detention (if** noted as applicable below):</u>
 ( X) Defendant's has been on Bench Warrant Status for 19 months..
 ( X ) Defendant has multiple mental health and substance abuse issues.
 ( X ) Defendant has been barred from entering McChord Airforce Base where her family resides.
 ( X) Failures to appear for past court proceedings.

*Order of Detention*

▸ The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal, without prejudice to review.
▸ The defendant shall be afforded reasonable opportunity for private consultation with counsel.
▸ The defendant shall on order of a court of the United States or on request of an attorney for the Government, be delivered to a United States marshal for the purpose of an appearance in connection with a court proceeding.

          **January 30, 2007.**

          *s/   J. Kelley Arnold*
          **J. Kelley Arnold, U.S. Magistrate Judge**

**DETENTION ORDER**
**Page - 1**